UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

CHRISTINA C.,

                    Plaintiff,

    v.

COMMISSIONER OF SOCIAL SECURITY,

                    Defendant.

Case No. C25-5395-MLP

ORDER

## I.    INTRODUCTION

Plaintiff seeks review of the denial of her applications for Supplemental Security Income ("SSI") and Disability Insurance Benefits ("DIB"). Plaintiff argues that the administrative law judge ("ALJ") erred by declining to reopen the final determinations on her prior disability claims and, as a result, by not conducting a full sequential disability evaluation for the earlier period. (Dkt. # 16.) The Commissioner filed a response asserting that the ALJ's decision is free of legal error, supported by substantial evidence, and should be affirmed. (Dkt. # 23.) Plaintiff filed a reply. (Dkt. # 24.) Having considered the ALJ's decision, the administrative record ("AR"), and

ORDER - 1

the parties' briefing, the Court AFFIRMS the Commissioner's final decision and DISMISSES the case with prejudice.[1]

## II.    BACKGROUND

Plaintiff alleges disability beginning August 1, 2011. AR at 1446. Since then, she has filed three sets of concurrent DIB and SSI applications, all of which were denied. *Id.*

Plaintiff first applied in May 2012. AR at 1446. Her claims were denied initially and on reconsideration, and she requested a hearing. *Id.* She later requested a postponement, but in September 2014 the ALJ dismissed the hearing request, stating that he had not seen the postponement request. *Id.* The Appeals Council remanded. *Id.*

Plaintiff did not appear at the rescheduled hearing in January 2016, and the ALJ again dismissed the case. AR at 1446. Plaintiff filed new applications in 2018, which were denied. *Id.*

In August 2019, Plaintiff filed new DIB and SSI applications, again alleging an onset date of August 1, 2011. AR at 1446. Her claims were denied initially and on reconsideration, and she requested a hearing. *Id.* At that hearing, she asked the ALJ to reopen her 2012 and 2018 applications. *Id.* The ALJ declined to reopen the 2012 claim, finding that Plaintiff "clearly demonstrated that she understands the necessity of filing timely appeals, and how to file them, even without the assistance of a representative." *Id.* He also declined to reopen the 2018 claim, finding no "new and material evidence that would justify a decision to reopen and revise the prior determination." *Id.* at 1447.

The ALJ further held that *res judicata* applied to the DIB portion of the claim through December 31, 2016, Plaintiff's date last insured. AR at 1447. Because Plaintiff was no longer insured when she filed in 2019, the ALJ dismissed the DIB claim. *Id.* As to SSI, the ALJ found

---

[1] The parties consented to proceed before the undersigned Magistrate Judge. (Dkt. # 5.)

ORDER - 2

Plaintiff not disabled through December 31, 2016, but disabled as of August 7, 2019. *Id.* at 1450-67.

Plaintiff appealed to this Court, raising two issues: (1) whether the ALJ erred in refusing to reopen the 2012 and 2018 applications, and (2) whether *res judicata* applied to those applications. AR at 1487.

On appeal, this Court held that the ALJ reasonably relied on evidence that Plaintiff could request a postponement, file a timely appeal, and attend mental health appointments as support for his finding that she understood written notices and could attend hearings. AR at 1489-92. This Court nonetheless found the reopening analysis incomplete, because the ALJ focused on what Plaintiff could do at certain times and did not adequately consider the waxing and waning nature of her mental health symptoms at the time of the missed 2016 hearing. *Id.* The decision also did not reflect the requirement under Social Security Ruling ("SSR") 91-5p that "any reasonable doubt regarding plaintiff's ability to do things for herself [be] resolved in favor of plaintiff." *Id.* at 1491-92.

This Court therefore reversed and remanded the decision not to reopen the 2012 application, directing that "on remand, the ALJ is instructed to consider the impact of plaintiff's mental health symptoms on her ability to do things for herself at the time of her missed hearings in accordance with SSR 91-5p in considering whether to reopen the 2012 decision." AR at 1492. This Court affirmed the decision not to reopen the 2018 application, holding that decision was not subject to judicial review. *Id.* at 1495. Plaintiff did not appeal.

On remand, a different ALJ held a hearing. AR at 1430-42. In January 2025, that ALJ issued a new decision. *Id.* at 1394-1408. He acknowledged that "mental health symptoms do wax and wane" and stated that "the degree to which this is evidenced to have occurred to the claimant

ORDER - 3

during the time period at issue has been considered." *Id.* at 1399. He found that, at the time of the missed hearing in 2016, "the evidence does not show that the claimant's mental conditions prevented her from understanding the need to attend, prevented her from attending, or prevented her from responding to the Notice to Show Cause," and concluded there was no basis to reopen the 2012 claims. *Id.* at 1399-1400.

The Appeals Council denied review, making the ALJ's decision the Commissioner's final decision, and Plaintiff again appealed to this Court. (Dkt. # 8.)

### III.    LEGAL STANDARDS

Courts review an ALJ's decision not to reopen a claim under SSR 91-5p for substantial evidence. *Udd v. Massanari*, 245 F.3d 1096, 1100 (9th Cir. 2001). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 587 U.S. 97, 102-03 (2019) (cleaned up).

The Court reviews the entire record to determine whether it contains enough evidence to support the ALJ's findings but may not reweigh the evidence or substitute its judgment for the ALJ's. *Ahearn v. Saul*, 988 F.3d 1111, 1115 (9th Cir. 2021). If the evidence can reasonably be interpreted in more than one way, the Court must uphold the ALJ's interpretation. *Smartt v. Kijakazi*, 53 F.4th 489, 494-95 (9th Cir. 2022). Even if the ALJ erred, reversal is warranted only if the error affected the outcome of the disability determination. *Ford v. Saul*, 950 F.3d 1141, 1154 (9th Cir. 2020). The party challenging the ALJ's decision bears the burden of showing harmful error. *Shinseki v. Sanders*, 556 U.S. 396, 409 (2009).

ORDER - 4

## IV.    DISCUSSION

Plaintiff argues that, on remand, the ALJ repeated the same errors identified in this Court's prior remand order and that his decision not to reopen the 2012 claims is not supported by substantial evidence. (Dkt. # 16 at 3-6.)

### A.    SSR 91-5p

SSR 91-5p requires the agency to consider extending the time for requesting review when a claimant "presents evidence that mental incapacity prevented him or her from timely requesting review" and had no one legally responsible for prosecuting the claim at that time. SSR 91-5p, 1991 WL 208067, at *2; *Udd*, 245 F.3d at 1099. A claimant shows "mental incapacity" if "the evidence establishes that he or she lacked the mental capacity to understand the procedures for requesting review." SSR 91-5p, 1991 WL 208067, at *2.

In making this determination, the ALJ must consider four factors as they existed at the time of the prior action: (1) inability to read or write; (2) lack of facility with English; (3) limited education; and (4) any mental or physical condition that limits the claimant's ability to do things for herself. SSR 91-5p, 1991 WL 208067, at *2. The determination must be based on all pertinent facts, and the ALJ must resolve any reasonable doubt in favor of the claimant. *Id.*

The only disputed SSR 91-5p factor here is whether, during the relevant period, Plaintiff's mental impairments limited her ability to do things for herself to such a degree that she lacked the mental capacity to understand the procedures for requesting review of the dismissal of her 2012 hearing request. (*See* dkt. # 16 at 4.)

### B.    The ALJ's Consideration of Waxing and Waning Symptoms

In its prior remand order, this Court held that the first ALJ erred by focusing on steps Plaintiff took in support of her claim, such as requesting a postponement and filing an appeal,

ORDER - 5

without addressing whether her symptoms later worsened to the point that they prevented her from following through on the 2012 claim. AR at 1491-92.

On remand, the ALJ adopted those earlier factual findings and addressed the question identified by this Court: whether Plaintiff's mental health "had waxed to a point in January 2016 that she could not attend the hearing" or understand and act on the procedures for requesting review around that time. AR at 1398. The ALJ focused on the period from the January 2016 hearing notice through April 9, 2016, the deadline to seek vacatur of the dismissal. *See Hannigan v. Astrue*, 2012 WL 2574821, at *3 (D. Or. Apr. 18, 2012); *Atkins v. Astrue*, 2011 WL 1335607, at *5 (N.D. Cal. Apr. 7, 2011).

**C.    Contemporaneous Evidence**

*1.    Plaintiff's Explanation for Missing the Hearing*

Plaintiff told Dr. Wingate that she did not appear at the hearing because she "didn't have transportation." AR at 912. Plaintiff contends this supports her position because she did not communicate this problem to the ALJ and did not promptly file a new application. (Dkt. # 16 at 4-5.)

The ALJ inferred from Plaintiff's statement that she remembered the hearing, understood that it had been scheduled and that she missed it, and provided a concrete logistical reason for her absence rather than expressing confusion about the hearing or the process. AR at 1399. The ALJ also relied on Plaintiff's report that she used the bus to get to appointments and that she was living in a trailer in a trailer park. *Id.* (citing *id.* at 913).

Dr. Wingate's mental status findings showed intact orientation and thought process, and she opined that Plaintiff had no or only mild limitations in understanding, remembering, and

ORDER - 6

applying simple instructions. AR at 914. The ALJ viewed this as directly relevant to whether Plaintiff could understand basic review procedures. *Id.* at 1399-1400.

2.      *Dr. Wingate's Findings on Daily Functioning*

Plaintiff emphasizes that Dr. Wingate also documented severe depressive symptoms and poor self-care: she spent most of the day in bed playing games on her phone, showered only twice in the prior month, did not clean or do chores, and reported feeling sad, hopeless, and lacking energy. (Dkt. # 16 at 4-5 (citing AR at 913).)

The ALJ did not disregard this evidence. He acknowledged that Plaintiff's mental health symptoms waxed and waned and that she had significant limitations. AR at 1399-1400. He distinguished between overall daily functioning and the narrower SSR 91-5p question whether Plaintiff lacked the mental capacity "to understand the procedures for requesting review." SSR 91-5p, 1991 WL 208067, at *2.

Relying on Dr. Wingate's specific functional assessment concerning understanding and following simple instructions, along with Plaintiff's coherent history and explanation for missing the hearing, the ALJ concluded that Plaintiff retained the level of mental capacity required by SSR 91-5p, even though her symptoms affected other parts of her daily life. AR at 1399-1400.

Plaintiff offers a different reading of the same evidence, namely that her marked difficulties initiating and completing tasks show she could not manage contacting the agency. (Dkt. # 16 at 4-5.) Under the substantial evidence standard, however, the Court may not replace the ALJ's interpretation when the record supports more than one rational view. *Smartt*, 53 F.4th at 494-95.

ORDER - 7

### 3.    *Treatment History*

The ALJ also examined Plaintiff's treatment history during the relevant period. He noted that she received limited mental health treatment in late 2015 and early 2016, that she was discharged from outpatient services in March 2016 after two visits because she did not return or respond to outreach, and that she told Dr. Wingate in May 2016 that she had not been in counseling since summer 2015 because she "didn't like" her counselor. AR at 1399 (citing *id.* at 902, 912).

Plaintiff argues that sparse treatment is consistent with serious mental illness and should not be held against her. (Dkt. # 16 at 4-5.) In some cases, nonadherence may reflect the impairment at issue. Here, the ALJ interpreted the record as indicating that Plaintiff stopped counseling based on personal preference rather than because she was unable to understand or follow simple instructions related to her claim. AR at 1399; *see Molina v. Astrue*, 674 F.3d 1104, 1114 (9th Cir. 2012).

### 4.    *Housing Instability*

Plaintiff further relies on her homelessness and unstable housing as evidence that she could not manage agency procedures. (Dkt. # 16 at 4-5.) She testified in 2021 that she was "couch surfing" or living in her car without a phone when she missed her hearings, AR at 1595-96, and in 2024 that she was homeless and "living on the streets" from 2011 through 2016. *Id.* at 1436.

The ALJ accepted that Plaintiff experienced housing instability but found that these later descriptions conflicted with contemporaneous records. In January 2015 she reported living in a fifth wheel trailer with her boyfriend on a friend's property with utilities, AR at 627,[2] and in May

---

[2] *See Warre v. Comm'r, Soc. Sec. Admin.*, 439 F.3d 1001, 1005 n.3. (9th Cir. 2006).

ORDER - 8

2016 she reported living in a trailer in a trailer park. *Id.* at 1399 (citing *id.* 913). Those records do not determine her exact living situation on the January 2016 hearing date or rule out periods of homelessness. The ALJ gave more weight to contemporaneous reports than to later, generalized testimony and inferred that Plaintiff had enough stability to attend appointments, use public transportation, and handle basic tasks during the relevant period. *Id.*

### D.    Application of SSR 91-5p

*Udd* recognizes SSR 91-5p as a due process protection: when mental incapacity prevents a claimant from understanding and following review procedures, and no one is legally responsible for the claim, good cause exists to extend filing deadlines. 245 F.3d at 1099-1101. In *Udd*, the plaintiff's schizophrenia caused hallucinations and "bizarre episodes," his judgment and insight were poor, his mother handled his mail, bills, and finances and checked on him daily at his therapist's direction, and he was hospitalized and discharged against medical advice shortly before the relevant decision. *Id.* at 1097, 1100-01. On those facts, the Ninth Circuit held the ALJ could not find sufficient mental capacity. *Id.*

By contrast, in *Evans v. Chater*, the Ninth Circuit upheld an ALJ's decision not to reopen despite the plaintiff's alcoholism, depression, and recent stroke. 110 F.3d 1480, 1484 (9th Cir. 1997). *Evans* holds that serious psychiatric symptoms and life stress do not, by themselves, establish "mental incapacity" under SSR 91-5p; the focus remains on the claimant's specific ability to understand and act on review procedures. *Id.*

Here, the record shows that Plaintiff experienced waxing and waning mental health symptoms, housing instability, and significant deficits in motivation and self-care during the relevant period. The ALJ accepted that evidence and, consistent with this Court's remand order, analyzed whether her symptoms had worsened by early 2016 to the point that they prevented her

ORDER - 9

from seeking review of the 2012 dismissal. AR at 1398-1400. SSR 91-5p further required the ALJ to base this determination on all pertinent facts and to resolve any reasonable doubt in Plaintiff's favor. SSR 91-5p, 1991 WL 208067, at *2.

The ALJ relied on: (1) Plaintiff's prior ability to request a postponement, file a timely appeal, attend appointments, and use public transportation; (2) her explanation to Dr. Wingate that she missed the hearing because of transportation problems, without expressing confusion about the hearing or process; (3) Dr. Wingate's opinion that she had no or only mild limitations in understanding, remembering, and applying simple instructions; (4) evidence that she stopped counseling because she did not like her counselor, rather than because she could not engage in treatment; and (5) contemporaneous records indicating that she had access to a trailer with utilities before and shortly after the hearing. AR at 1398-1400. In light of this evidence, the ALJ concluded that Plaintiff possessed sufficient mental capacity to understand and follow the procedures for requesting review and that the record did not present reasonable doubt on that point. *Id.*

On this record, Plaintiff has not shown that the ALJ misapplied SSR 91-5p, including its reasonable doubt directive, or that his decision not to reopen the 2012 claims lacks substantial evidentiary support.[3]

//

//

//

---

[3] Because the Court finds the ALJ did not err in declining to reopen the 2012 application, it need not consider whether the ALJ failed to perform a sequential disability evaluation. (*See* dkt. # 16 at 2, 9-19.) In addition, to the extent Plaintiff again challenges the handling of the 2018 claims or seeks a new adjudication of disability for the period covered by that final order (*id.* at 6-9), those arguments do not provide a basis for remand in this case. *See* AR at 1492-95.

ORDER - 10

## V.    CONCLUSION

For the foregoing reasons, the Commissioner's final decision is AFFIRMED and this case is DISMISSED with prejudice.

Dated this 17th day of February, 2026.

MICHELLE L. PETERSON
United States Magistrate Judge

ORDER - 11